## Case No. 5,835.

### GRISWOLD v. HILL.

[1 Paine, 390.] [1]

Circuit Court, D. New York. April Term, 1825.

PRACTICE IN EQUITY—EXCEPTIONS TO ANSWER.

On exceptions to an answer for impertinence and scandal, courts of equity give the answer a liberal consideration, having regard to the nature of the case as made by the bill.

[In equity. Suit by Daniel S. Griswold against Samuel Hill.]

H. D. Sedgwick, for defendant.
H. W. Warner, for complainant.

THOMPSON, Circuit Justice. This case comes before the court on objections to the master's report, upon exceptions taken to the defendant's answer. The general scope and object of the complainant's bill was to revive a partnership entered into between the parties, but which had been dissolved, and the articles cancelled, as is alleged in the bill, upon certain terms and conditions therein set forth. The bill alleges that the partnership had been formed at the particular desire and solicitation of the defendant, and with reference to certain exclusive privileges, which the complainant had applied for and expected to obtain from the Chilian and other South-American governments, and that the partnership would not have been entered into but upon the expectation that such exclusive privileges would have been obtained. That considerable delays and difficulties occurred to discourage and embarrass the complainant in his application; that the defendant wishing to leave Chili, and apprehending that the application would not succeed, became uneasy, and requested that the articles of partnership might be cancelled; and that the complainant, considering the prospect of obtaining the privilege nearly desperate, he at the urgent desire and solicitation of the defendant consented to treat the same as hopeless, and to cancel the articles upon certain terms and conditions, verbally agreed on; one of which was, that if the contemplated grant or exclusive privilege should be allowed by the Chilian government, so that the

said partnership might go into effect as originally intended, the complainant might, at his election, have the partnership agreement revived. And the complainant avers, that the articles of agreement were cancelled upon the express conditions stated in the bill, and not otherwise.

The first exception taken to the answer, and which was allowed by the master, related to the reasons for cancelling the articles of partnership. The defendant admits, as stated in the bill, that he considered the prospect of obtaining the contemplated privilege as nearly desperate, and that he believes the complainant so considered it; and that this was one reason why he became extremely desirous of cancelling the articles; but also states, that another and stronger reason operated on his mind, which was "that he had become entirely convinced that any connexion in business with the complainant would be in a high degree inexpedient and unsafe." The exception is taken to the additional· reason here assigned for cancelling the articles of partnership. This exception was allowed by the master as both impertinent and scandalous. But the exception cannot in the opinion of the court be sustained on either ground. The answer does not in this respect, go entirely out of the bill, and state what is altogether irrelevant to the case made by the bill. The complainant had alleged that the partnership had been entered into at the particular desire and solicitation of the defendant, and is fairly to be understood as asserting, that the only reason why it did not go into operation, was the failure in procuring from the Chilian government the exclusive privilege contemplated. The answer might not probably have been excepted to for insufficiency, if it had omitted to state the matter excepted to. But courts of equity on this point of matter irrelevant always give the answer a liberal consideration, having regard to the nature of the case as made by the bill; and if there was any other reason which operated with the defendant to wish a dissolution of the partnership, than that which is assigned in the bill, it was not altogether irrelevant for him to set it forth, unless such matter may be considered exceptionable as being scandalous. But the present case cannot be so viewed. It seemed to be considered on the argument, that the answer represented the complainant as a person of such character, that it was unsafe and inexpedient to have any intercourse whatever with him. But such is not the import of the answer; but only that he considered it unsafe and inexpedient to have any connexion with him in business—that is, to continue and carry into operation the partnership which had been entered into. It would be too rigid and illiberal a construction of this answer to charge the defendant with intending to avail himself of it as a vehicle of scandal, and thereby to excite prejudice against the cause of the com-

1 [Reported by Elijah Paine, Jr., Esq.]

plainant. There is nothing in this part of the answer to warrant an inference that the defendant was governed by any desire wantonly to injure the character or hurt the feelings of the complainant.

The second exception allowed by the master cannot be sustained, for the reasons which have been offered in relation to the first. The bill alleges that the articles of partnership were cancelled upon the express conditions stated in the bill, and not otherwise. The answer denies this allegation, and goes on to set out other conditions required, and upon which the articles were cancelled. This would seem to follow very naturally, if not necessarily, from the allegation in the bill, where the complainant alleges that the partnership was dissolved solely because the Chilian government would not grant the contemplated privilege. It was not irrelevant for the defendant to deny that this was the only reason, and to state what other inducements entered into the transaction; and he accordingly states, "that the complainant required as a condition precedent to cancelling the articles of partnership, that the defendant should give him a certificate in favour of his character," which forms the exceptionable matter. This was certainly not entirely foreign to the subject matter of the bill. He was called upon to confess or deny, whether the articles were cancelled upon the terms and conditions alleged in the bill, and not otherwise; and if other conditions than those stated in the bill were made and required, the defendant could not simply confess or deny the allegation, or give a full answer, without stating what other condition, if any, entered into the consideration for cancelling these articles; and if such answer implies any thing unfavourable to the character of the complainant, it has been called for by the allegation in the bill, and cannot now be made matter of objection on his part.

The next exception allowed by the master, is too unimportant to require much consideration; but the part of the answer embraced in this exception cannot be considered as entirely foreign to the case made by the bill. One object of the bill was to obtain an injunction to stay the proceedings at law upon a bill of exchange drawn by the complainant upon D. S. Dunham in favour of the defendant, at the time the articles of partnership were cancelled; and the bill alleges, that in case the partnership was revived, the complainant considered he was only to be charged with one half the amount of the bill. There having been some delay in commencing a suit upon this bill of exchange, might afford an inference that it was connected with the partnership business, which the defendant had fully and explicitly denied; and to account for the delay, the answer, after stating the time when the bill of exchange was protested for non-acceptance and non-payment, and notice thereof given to the complainant, alleges "that the defendant thereupon apprehended, that the recovery thereof was hopeless, but the sudden death of D. Dunham, (who was the father-in-law of the complainant,) who died intestate, having, as the defendant supposed, caused a favourable change in the pecuniary circumstances of the complainant," a suit was commenced about a year after the prospect, and this is the part of the answer embraced by the exception. But the answer cannot in this respect be rejected as altogether impertinent; it serves to rebut an inference in support of a direct allegation in the bill, that the bill of exchange was connected with the partnership concern, and it certainly is not scandalous to any very aggravated extent when taken altogether, for although it insinuates that the pecuniary situation of the complainant had been questionable, yet that it had been restored by the expectation or receipt of property from the estate of his father-in-law.

The last exception allowed has less plausibility to sustain it than either of the former. The bill, as has been already noticed, alleges, that it was at the election of the complainant to revive the partnership, if he should think proper, in the event of his obtaining from the Chilian government the exclusive privilege contemplated, and as the evidence of his having made such election. The complainant alleges, that he had written a letter to the defendant to that effect. The answer to this allegation, so far as it is excepted to, states, "that the defendant does not believe that the letter was written or transmitted with any intent or view to the formation or renewal of a connexion in business between the complainant and defendant. The complainant having, as the defendant believes, neither funds nor credit to enable him to take part in such a concern." If this offer to revive the partnership was merely colourable, and not made with any real intention of carrying it into effect, it was competent for the defendant to allege and prove it. Such an offer could impose on the defendant no legal or equitable obligation to renew the partnership. The complainant had alleged his right to revive the partnership, and that in such event, only one half the amount of the bill of exchange was to be charged to him, and if the defendant refused to renew the partnership on being duly required so to do, it might afford some equitable grounds for exonerating the complainant from the payment of any more than one-half the bill of exchange then in suit. The defendant had therefore a right to set up, that this letter was not written in good faith, and with a real intention of renewing the partnership, but to evade payment in part of his bill of exchange. The report of the master, therefore, so far as the same allows any exceptions taken to the answer, must be set aside, and all the exceptions disallowed.

[See Case No. 5,834.]